# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **WILLIAM VOGEL,** )<br>　　　Petitioner, )<br> )<br>v. )<br> )<br>**COMMONWEALTH OF VIRGINIA** )<br>**DEPARTMENT OF CORRECTIONS,** )<br>*et al.,* )<br>　　　Respondents. ) | Civil Action No. 7:19-cv-00237<br><br>**MEMORANDUM OPINION**<br><br>By: Norman K. Moon<br>Senior United States District Judge |

William Vogel, a Virginia inmate proceeding *pro se*, commenced this civil action as a petition for writ of mandamus. In his petition, Vogel names as respondents the Commonwealth of Virginia Department of Corrections, D.O.C., Blue Ridge Regional Jail Authority, and Amherst County Adult Detention Center. (Pet. 1, Dkt. No. 1.)

Vogel's complaint focuses on the Interstate Agreement on Detainers Act ("IAD"), which has been adopted by numerous states including—as relevant here—both Virginia and Colorado. Va. Code § 53.1-210; Colo. Rev. Stat. Ann. §§ 24-60-501. The IAD is a compact among 48 states, the federal government, and others with the aim of establishing procedures for resolution of one jurisdiction's outstanding criminal charges against another jurisdiction's prisoner. In pertinent part, the IAD provides a procedure by which a prisoner in one state, with a detainer lodged against him in another, may make a request to be brought to trial on the outstanding charge or charges. *See generally Fex v. Michigan*, 507 U.S. 43, 46–47 (1993). The prisoner provides the request to his custodian, who is to deliver it to the court and prosecuting officer of the jurisdiction that issued the detainer. Under Article III of the IAD, when an inmate serving a prison sentence makes an appropriate request for disposition of an outstanding charge against him in another state, that "receiving" state has 180 days to retrieve that inmate for resolution of all outstanding charges against him in the receiving state.

In his petition before this court, Vogel explains that he is currently a Virginia inmate, but has a detainer lodged against him by Colorado. He claims that respondents both failed timely to make him aware of the detainer against him and that he has made a request to be brought to trial, but respondents have refused to deliver it to Colorado.

For relief, Vogel seeks only mandamus under 28 U.S.C. § 1361. Specifically, he requests that the court order respondents to comply with the IAD, and to forward all documents and assist in all requirements under the IAD. (Pet. 5, Dkt. No. 1.)

The petition is dismissed because mandamus cannot provide the relief Vogel seeks. Specifically, all of the defendants named are state officials or entities, and mandamus cannot issue to enjoin state officials. *See* 28 U.S.C. § 1361; *AT & T Wireless PCS, Inc. v. Winston-Salem Zoning Bd. of Adjustment*, 172 F.3d 307, 312 n.3 (4th Cir. 1999). The dismissal, however, is without prejudice to Vogel's ability to bring his claims in a habeas petition under 28 U.S.C. § 2241, after exhausting the appropriate remedies.

For the foregoing reasons, I will dismiss this action without prejudice. An order will be entered.

**ENTER**: This 19th day of November, 2019.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE